Argued and submitted June 30, 2000, affirmed March 14, 2001

# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH JAMES HOPKINS,
*Appellant.*

## (97C-20674; CA A102959)

21 P3d 134

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Thomas C. Patton, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

DEITS, C. J.

**DEITS, C. J.**

Defendant appeals from his convictions for driving under the influence of intoxicants (DUII), ORS 810.010, and third-degree assault, ORS 163.165. We write only to discuss defendant's assignment of error that the court erred in admitting evidence that he previously had been convicted for driving under the influence of intoxicants and that, at the time of the incident leading to these charges, he was driving without a driver's license or insurance. Defendant argues that this evidence constitutes impermissible bad acts evidence and should have been excluded under OEC 404(3).[1] For the reasons set forth below, we affirm.

The type of third-degree assault with which defendant was charged required the state to prove that defendant "[r]ecklessly cause[d] serious physical injury to another under circumstances manifesting extreme indifference to the value of human life." ORS 163.165(1)(b). The state offered the disputed evidence to demonstrate that defendant had acted with the requisite intent when he committed third-degree assault. We have held that, under some circumstances, evidence that a defendant previously has driven while intoxicated does not constitute inadmissible bad acts evidence under OEC 404(3) and may be admissible to demonstrate that the defendant acted "recklessly under circumstances manifesting extreme indifference to the value of human life." *State v. Johnstone*, 172 Or App 559, 19 P3d 966 (2001).

In *Johnstone*, we concluded that evidence that the defendant had previously entered a diversion program in the context of a prosecution for driving under the influence of intoxicants was admissible to demonstrate that, in a later drunk driving episode that resulted in an injury and a death, the defendant had acted recklessly under circumstances manifesting extreme indifference to the value of human life.

---

[1] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

*Id.* at 566-67. We reasoned that the evidence was relevant to the circumstances of the alleged offenses, because it demonstrated the defendant's knowledge; specifically, it demonstrated his subjective awareness of the risks of drinking and driving. The evidence showed not only that the defendant had had the opportunity to educate himself about the dangers of drinking and driving but that he had an obligation to do so, given the requirements of the diversion program. *Id.* We also held in *Johnstone*, however, that evidence of a drunk driving incident that occurred *after* the charged conduct had no bearing on the defendant's mental state or on the circumstances surrounding the charged crimes and that it should have been excluded under OEC 404(3). *Id.* at 569.

In this case, the evidence showed that defendant turned his vehicle to the left into heavy oncoming traffic and collided with an oncoming car, injuring its driver. Defendant was visibly intoxicated at the scene of the accident and told the investigating police officer that he knew he should not have been driving at the time of the accident, that the accident was his fault, that he did not have a driver's license, and that a court had ordered him not to drink and drive. Those admissions all were relevant to defendant's knowledge of the risks of drinking and driving and, consequently, to whether defendant acted recklessly under circumstances manifesting extreme indifference to the value of human life. Moreover, defendant does not argue that those statements should not have been admitted into evidence.

■ Defendant's statement that a court had ordered him not to drink and drive was similar, in effect, to the evidence in *Johnstone* that the defendant had agreed to comply with a diversion program, thus demonstrating his awareness of the dangers of drinking and driving. In view of defendant's admissions regarding his involvement with the court system relating to drinking and driving, the evidence of his previous DUII convictions was relevant to explain what defendant was referring to when he made the admissions. We conclude that, given defendant's related statements, the evidence of his previous DUII convictions was admissible to show his knowledge of the risks of drinking and driving and, consequently, to demonstrate the requisite recklessness under circumstances manifesting extreme indifference to the value of human life.

Finally, defendant argues that the trial court erred in admitting evidence that, at the time of the crimes, his driver's license had expired and he had no insurance coverage. Assuming for purposes of this discussion that defendant is correct that this evidence should not have been admitted, we conclude that any error was not prejudicial. OEC 103(1). As noted above, defendant did not object to the admission of evidence that he made a statement shortly after the crimes that he did not have a driver's license and that he had been ordered by a court not to drink and drive. From that evidence alone, a jury might well have concluded that defendant's driver's license had been suspended or revoked. The state's evidence, however, showed that defendant's license had merely expired. The evidence to which he objects actually mitigates the potential prejudice of the evidence to which he did not object. As to the evidence that defendant lacked insurance coverage, it is possible that negative inferences regarding defendant's character might be drawn from such evidence. However, in view of the other evidence presented, particularly defendant's statements, there was little, if any, likelihood that such evidence affected the jury's verdict. *See, e.g., State v. Hansen*, 304 Or 169, 180, 743 P2d 157 (1987) (evidentiary error does not affect substantial right of defendant if there is little likelihood that error affected the verdict); *State v. Goss*, 161 Or App 243, 250-51, 984 P2d 938 (1999) (same). Defendant is not entitled to reversal of his convictions on the ground that evidence concerning his lack of a driver's license and insurance were improperly admitted. We affirm on defendant's other assignments of error without discussion.

Affirmed.