Argued and submitted February 22, reversed and remanded May 17,
petition for review denied July 18, 2006 (341 Or 197)

## STATE OF OREGON,
*Appellant,*

*v.*

## TRAVIS J. CAVANER,
*Respondent.*

03CR0073FE; A124871

135 P3d 402

Seann C. Colgan, Assistant Attorney General, argued the
cause for appellant. On the brief were Hardy Myers, Attorney
General, Mary H. Williams, Solicitor General, and Bethany
Cunningham, Assistant Attorney General.

David O. Ferry, Deputy Defender, argued the cause for
respondent. With him on the brief were Peter A. Ozanne,
Executive Director, and Peter Gartlan, Chief Defender, Legal
Services Division, Office of Public Defense Services.

Before Landau, Presiding Judge, and Brewer, Chief
Judge, and Ortega, Judge.*

---

\* Ortega, J., *vice* Ceniceros, S. J.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was charged with third-degree assault, ORS 163.165(1)(a), and driving under the influence of intoxicants (DUII), ORS 813.010, based on an incident in which he drove while intoxicated and became involved in an accident, seriously injuring another driver. The state filed a motion *in limine* requesting that the court allow evidence of defendant's past participation in a DUII diversion program, arguing that the evidence was relevant for the purpose of proving that defendant's actions had been reckless. The trial court denied that motion and refused to allow the evidence. The state appeals, arguing that the evidence is relevant and admissible. We agree and reverse.

The following facts are not disputed. Police reports indicate that defendant was involved in a two-car automobile accident. The accident occurred when defendant attempted to turn left from a left turn lane on a northbound highway in front of a vehicle approaching in the southbound lane. The driver of the other vehicle sustained serious injuries. Officers arriving at the scene detected the odor of alcohol on defendant's breath, administered field sobriety tests, and, based on defendant's performance, arrested him for DUII. During an inventory search of the car, police found 11 open bottles of alcoholic beverages.

Defendant previously had participated in DUII diversion in 2001. The state moved *in limine* to admit evidence of that diversion to show that he had acted recklessly, the requisite mental state for assault in the third degree, when he drove while intoxicated. Defendant opposed the motion, arguing that the evidence is irrelevant and, if relevant, unfairly prejudicial. The trial court denied the state's motion.

On appeal, the state argues that the trial court erred because the evidence clearly is relevant and admissible. The state relies on *State v. Johnstone*, 172 Or App 559, 19 P3d 966 (2001), and *State v. Hopkins*, 173 Or App 1, 4, 21 P3d 134 (2001), for the proposition that evidence of defendant's prior diversion is relevant to show defendant's knowledge of the

risks of drinking and driving and, consequently, his recklessness in driving while intoxicated.

Defendant acknowledges that, in both cases, we concluded that evidence of prior diversion *can* be relevant in some cases, in particular, cases in which defendants have been accused of acting with recklessness manifesting extreme indifference to the value of human life. According to defendant, in this case, he is charged with acting merely recklessly, and so *Johnstone* and *Hopkins* do not apply.

Defendant is charged with third-degree assault for recklessly driving his car while intoxicated and causing serious physical injury. Defendant acted recklessly if he was "aware of and consciously disregarde[d] a substantial or unjustifiable risk" that his driving might injure someone. ORS 161.085(9).

In *Johnstone*, we concluded that past participation in a DUII diversion program is relevant to the issue whether a defendant who has chosen to drive while intoxicated did so with "a subjective awareness of the risks to which he exposed others." 172 Or App at 567. We explained that diversion programs "educate individuals on the physiological effects of alcohol, the psychological and sociological consequences of abuse of alcohol including the effect on families, the effects of alcohol on driving performance, penalties for driving under the influence of alcohol, alcoholism as a problem and a disease, and alternatives to drinking and driving." *Id.* at 566.

Similarly, in *Hopkins*, we held that evidence that the defendant, who had been charged with third-degree assault, had a prior DUII conviction was admissible "to show his knowledge of the risks of drinking and driving and, consequently, to demonstrate the requisite recklessness under circumstances manifesting extreme indifference to the value of human life." 173 Or App at 4.

It is true that *Johnstone* and *Hopkins* involved defendants charged with recklessness under circumstances manifesting extreme indifference—as opposed to mere recklessness. Nevertheless, the reasoning of both cases—that past participation in a diversion program is relevant to establishing a defendant's subjective awareness of the risks of

driving while intoxicated—applies here. Given that defendant's past participation in a diversion program is relevant to the issue of his "subjective awareness" of the risks associated with drinking and driving, it follows that it is relevant to the question of whether defendant "consciously disregarded" that risk.

Defendant argues that, even if the trial court erred in concluding that the evidence was not relevant, we should affirm on the ground that, under OEC 403, the evidence remains inadmissible because the danger of unfair prejudice resulting from admitting the evidence substantially outweighs any probative value that it might have. The state responds that OEC 403 does not provide a basis for excluding the evidence because OEC 404(4) now provides that, "[i]n criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by" the state or federal constitutions or statutes that do not apply to this case. Defendant replies that, in this case, notwithstanding OEC 404(4), the evidence was inadmissible because the risk of prejudice in admitting evidence of a previous crime is so great that admitting the evidence would violate the federal constitutional guarantee of due process. In support, defendant relies on portions of the Supreme Court's opinion in *State v. Pinnell*, 311 Or 98, 106-07, 806 P2d 110 (1991).

The state is correct. OEC 404(4) applies. *State v. Leach*, 169 Or App 530, 537, 9 P3d 755 (2000), *rev den*, 332 Or 632 (2001). Defendant's reliance on *Pinnell* to demonstrate that due process requires exclusion of the evidence of his prior crime misses the mark. *Pinnell*, in fact, upheld the admissibility of evidence of prior crimes. 311 Or at 110-13. The portion of the opinion on which defendant relies merely states, in general terms, the basic rationale for the "general rule" against the admission of prior bad acts—among other things, a fear that "the jury will give more weight to the evidence than it deserves in assessing guilt of the crime charged." *Id.* at 106. Nothing in *Pinnell* remotely suggests that the federal constitution requires evidence of prior crimes to be excluded in all cases.

The trial court thus erred in denying the state's motion *in limine* to allow evidence of defendant's participation in a DUII diversion program.

Reversed and remanded.