Argued and submitted September 2, order suppressing evidence of defendant's driving under the influence of intoxicants conviction reversed; otherwise affirmed October 7, 2009

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## EDWIN SHANE COEN,
*Defendant-Respondent.*

Jackson County Circuit Court
020774FE; A135115

220 P3d 423

David B. Thompson, Senior Assistant Attorney General, argued the cause for appellant. With him on the briefs were

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Jesse Wm. Barton argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

### HASELTON, P. J.

This criminal action for second-degree manslaughter, ORS 163.125, and driving while under the influence of intoxicants (DUII), ORS 813.010, is before us again after being remanded for a new trial. *State v. Coen*, 203 Or App 92, 125 P3d 761 (2005), *rev den*, 341 Or 141 (2006) (*Coen I*). The state appeals pretrial orders in which the trial court (1) excluded evidence of defendant's prior DUII conviction and (2) suppressed defendant's testimony from his first trial. ORS 138.060(1)(c). We review for errors of law. *State v. Moore*, 229 Or App 255, 257, 211 P3d 344 (2009); *State v. Orr*, 197 Or App 327, 329, 105 P3d 904, *rev den*, 338 Or 680 (2005). We conclude that the trial court erred in excluding the evidence of defendant's DUII conviction but did not err in suppressing defendant's prior trial testimony.

As discussed in greater length in *Coen I,* this case arose out of an automobile accident that resulted in the death of one driver and the hospitalization of the other driver—that is, defendant. 203 Or App at 94. Defendant was charged with second-degree manslaughter and DUII. *Id.* at 95. Before trial, defendant unsuccessfully moved to suppress statements he had made to a state trooper while in the hospital and the results of a chemical analysis of his blood. *Id.* at 95-96. At trial, in accordance with the advice of his counsel—in an effort to ameliorate his inculpatory statements to the trooper—defendant testified. *Id.* at 98. Defendant testified that he had consumed "15 or 16 beers in the eight hours before the accident," but that he had a high tolerance for alcohol, was not under the influence of intoxicants, and did not veer from his own lane or cause the accident. *Id.* Defendant was ultimately convicted of both counts and appealed.

On appeal in *Coen I*, we held that certain statements defendant made to the trooper in the hospital should have been suppressed because they were made in "compelling circumstances" and were not preceded by *Miranda* warnings, in violation of Article I, section 12, of the Oregon Constitution. 203 Or App at 99-102. We also held that defendant's consent to give samples for the chemical analysis was involuntary, and, consequently, the results of the chemical analysis should have been suppressed. *Id.* at 105. Further, because

those errors were not harmless, we reversed the manslaughter and DUII convictions and remanded for a new trial. *Id*. at 103, 107.

On remand, the state moved for a pretrial ruling on the admissibility of evidence that defendant participated in a diversion program for an incident occurring in 1992, and that defendant had been convicted of DUII in 1997. The state argued that both defendant's participation in diversion and his prior DUII conviction were relevant to prove, with respect to the present charges, that he had acted with a reckless mental state—an element of the second-degree manslaughter charge. ORS 163.125(1)(a).[1] Specifically, the state argued that the evidence was relevant to prove that defendant had "knowledge of the risks involved in drinking and driving" at the time of the collision. The trial court ruled that evidence of defendant's participation in diversion was admissible. However, after apparently conducting an OEC 403 balancing analysis—and notwithstanding the state's contention that OEC 404(4) precluded such balancing—the court excluded evidence of defendant's 1997 DUII conviction.[2]

Defendant also filed a pretrial motion on remand to suppress the testimony that he had given at the first trial. Invoking *Harrison v. United States*, 392 US 219, 88 S Ct 2008, 20 L Ed 2d 1047 (1968), defendant argued that his prior trial testimony should be suppressed because it was given to rebut the un-*Mirandized* inculpatory statements that he had

---

[1] As pertinent here, ORS 163.125(1) provides, in part, that

"[c]riminal homicide constitutes manslaughter in the second degree when:

"(a) It is committed recklessly[.]"

In turn, "recklessly,"

"when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

ORS 161.085(9).

[2] The trial court did not explicitly refer to OEC 403. Rather, its written order on reconsideration states, "The court adheres to its prior order regarding inadmissibility of the defendant's DUII conviction. Although the conviction may be relevant, it is clearly being offered to show defendant's bad character or propensity since the defendant's prior diversion is already coming in for state of mind."

made in the hospital, which were erroneously admitted into evidence in his first trial. The trial court agreed, reasoning that "[i]t is clear that the defendant only testified in order to counter the use of the illegally obtained blood draw and his statements."

On appeal, the state first assigns error to the trial court's exclusion of the DUII conviction, contending that OEC 404(4) precluded the trial court from engaging in balancing under OEC 403.[3] Defendant remonstrates that the trial court did not err in engaging in OEC 403 balancing because OEC 404(4) is facially unconstitutional as incompatible with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Specifically, defendant contends that (1) due process innately requires a reasoned balancing of the probative value verses the unfairly prejudicial potential effect of evidence of a criminal defendant's prior bad acts and (2) OEC 404(4) creates a one-sided evidentiary scheme that deprives defendant of the protections afforded by OEC 403 that the prosecution enjoys.[4] Finally, and alternatively, defendant contends that, in all events, the DUII conviction is irrelevant. For the reasons that follow, we agree with the state.

■ Contrary to what defendant argues, our case law clearly establishes that evidence of defendant's prior DUII conviction is relevant to whether defendant had, as the state argues, "knowledge of the risks involved in drinking and driving" on the date of the accident. *See, e.g., State v. Wyant*, 217 Or App 199, 203, 175 P3d 988 (2007), *rev den*, 344 Or 558

---

[3] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

OEC 404(4) provides, in pertinent part:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) [OEC 406 to 412] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403]."

[4] As support for that proposition, defendant invokes *Wardius v. Oregon*, 412 US 470, 93 S Ct 2208, 37 L Ed 2d 82 (1973), and *Washington v. Texas*, 388 US 14, 87 S Ct 1920, 18 L Ed 2d 1019 (1967).

(2008) ("[E]vidence of defendant's prior DUII convictions *and* participation in a DUII probation program were relevant to prove that defendant acted recklessly." (Emphasis added.)); *State v. Hardman*, 196 Or App 522, 530, 102 P3d 722 (2004) ("Both the fact of the accident itself and the [DUII] charge * * * permit a logical inference that defendant acted with a heightened awareness of the dangers of drinking and driving.").

**2.** Defendant's challenges to the constitutionality of OEC 404(4) are equally unavailing. We have previously, albeit without extended or detailed treatment, rejected precisely the same contentions that defendant raises here. *See, e.g.*, *State v. Berg*, 223 Or App 387, 399, 196 P3d 547 (2008), *adh'd to as modified on recons*, 228 Or App 754, 208 P3d 1006, *rev den*, 346 Or 361 (2009); *Wyant*, 217 Or App at 206; *State v. Phillips*, 217 Or App 93, 98, 174 P3d 1032 (2007). We adhere to those holdings.

The state also assigns error to the trial court's suppression of defendant's inculpatory testimony given at his first trial. At oral argument, the state acknowledged that, at least for purposes of our review, its argument is foreclosed by *Moore*. 229 Or App at 265-66. We agree.

Order suppressing evidence of defendant's driving under the influence of intoxicants conviction reversed; otherwise affirmed.