Submitted April 22, affirmed May 29, petition for review denied
October 23, 2014 (356 Or 400)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MAUREEN MAE OLSON,
*Defendant-Appellant.*

Marion County Circuit Court
10C51442; A150290

328 P3d 704

Peter Gartlan, Chief Defender, and Susan Fair Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Defendant, who was convicted of murdering her husband, appeals and raises two assignments of error. We reject her first assignment of error without discussion and write only to address her second assignment. In that assignment of error, defendant contends that the trial court erred when it allowed the state to present evidence that, nine months prior to the incident in question, defendant had stabbed the victim twice. Defendant asserts that that evidence was inadmissible under OEC 404(3).[1] We conclude that the evidence was properly admitted under OEC 404(3) and, therefore, affirm.

The relevant background facts are undisputed on appeal. In early 2010, defendant pleaded guilty to second-degree assault for stabbing the victim twice while they were intoxicated and arguing. Approximately nine months later, the victim was found in his home dead of multiple stab wounds. Eventually, defendant, who had been drinking with the victim at his home on the night in question, admitted that she had been angry and stabbed the victim. However, she asserted that she had meant only to scare him.

Before trial, the state filed a motion *in limine* to introduce evidence of defendant's prior stabbing of the victim under OEC 404(3) to prove that defendant intended to murder the victim. The court agreed, concluding that the evidence was relevant to defendant's intent and ruling that the state would be "permitted to introduce evidence concerning defendant's prior stabbing of her husband at trial." The state introduced the evidence at trial, and the court instructed the jury that it could consider the evidence "only for the purpose of deciding whether the defendant acted with the mental state, intentionally, that is alleged in the murder charge in this case." The jury found defendant guilty of murder.

---

[1] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

On appeal, we review the trial court's conclusion for errors of law. *See State v. Berg*, 223 Or App 387, 396, 196 P3d 597 (2008), *adh'd to as modified on recons*, 228 Or App 754, 208 P3d 1006, *rev den*, 346 Or 361 (2009) ("Whether evidence of prior bad acts is relevant for a noncharacter purpose, and thus admissible under OEC 404(3), is a question of law."). OEC 404(3) "prohibits the admission of evidence of other crimes, wrongs, or acts to prove a person's character in order to show that the person acted in conformity with that character, but allows for the use of such evidence for any other relevant purpose." *Id.*; *see State v. Johns*, 301 Or 535, 548, 725 P2d 312 (1986) (OEC 404(3) is a rule of inclusion). To determine whether evidence of prior acts is admissible to demonstrate intent, the court analyzes several factors:

"(1)   Does the present charged act require proof of intent?

"(2)   Did the prior act require intent?

"(3)   Was the victim in the prior act the same victim or in the same class as the victim in the present case?

"(4)   Was the type of prior act the same or similar to the acts involved in the charged crime?

"(5)   Were the physical elements of the prior act and the present act similar?

"(6)   If these criteria are met, is the probative value of the prior act evidence substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury, undue delay or presentation of cumulative evidence?"

*Johns*, 301 Or at 555-56. The final factor, however, is evaluated only when constitutionally required. *See State v. McIntyre*, 252 Or App 16, 21-22, 284 P3d 1284 (2012) (in criminal actions, OEC 404(4) "precludes a trial court from excluding evidence of a defendant's other crimes, wrongs, or acts under OEC 403, except as required by the state or federal constitution").

Defendant concedes that both the prior and present acts required intent and that the victim of both acts was the same and, therefore, that the first three *Johns* factors are met. However, she asserts that the two events were

not sufficiently similar for the prior act to be admissible in this case. We disagree. The type of act at issue is the same in both cases—defendant stabbed the victim with a knife. Furthermore, the physical elements of the prior act and the charged act are extremely similar. In both instances, defendant became angry at the victim and stabbed him. Under the circumstances, the trial court correctly concluded that the first five elements of the *Johns* analysis were satisfied and the prior act evidence was relevant to the issue of defendant's intent in the present case.

As well, we reject defendant's contention that due process requires an assessment of the sixth *Johns* factor and exclusion of the evidence in this case. "In general, in order to establish a due process violation, a defendant must show that the application of a rule like OEC 404 fails the fundamental fairness test and violates fundamental concepts of justice that lie at the core of our civil and political institutions." *State v. Wyant*, 217 Or App 199, 205, 175 P3d 988 (2007), *rev den*, 344 Or 558 (2008) (internal quotation marks omitted). "[T]here is no provision in the state or federal constitutions that prohibits states from offering evidence of other crimes or wrongs for the purpose of establishing an element of the crime." *Id.* at 206. Here, we agree with the trial court that the prior act evidence was relevant to defendant's intent, which was an element of the crime, and that the admission of that evidence did not violate due process.

Based on the foregoing, we conclude that the trial court did not err in permitting the state to introduce the prior act evidence.

Affirmed.