No. 3     February 5, 2015     687

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Petitioner on Review,*

*v.*

JERRIN LAVAZIE HICKMAN,
aka Jerrim Lavezie Hickman,
*Respondent on Review.*

(CC 081235225; CA A144741; SC S061409)

En Banc

On respondent on review's petition for reconsideration filed September 11, 2014.*

Ryan Scott, Scott and Huggins Law Offices, Portland, filed the petition for reconsideration for respondent on review.

No appearance *contra*.

PER CURIAM.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

_____

* 355 Or 715, 330 P3d 551 (2014); on review from the Court of Appeals, 255 Or App 688, 298 P3d 619 (2013).

**PER CURIAM**

Petitioner seeks reconsideration of this court's decision in *State v. Hickman*, 355 Or 715, 330 P3d 551 (2014), a criminal case. In seeking reconsideration, petitioner takes exception to our analysis and disposition regarding the admission of certain eyewitness testimony. With regard to that argument, we affirm our previous decision without further discussion.

Petitioner also notes that our opinion incorrectly stated that "[Dontae] Porter testified that, after shooting Monette, defendant walked into the street and fired several shots in the air." *See id.* at 717. The attribution of that testimony was incorrect; the record shows that another witness, not Porter, testified to that effect. Defendant makes no additional argument concerning that factual error; in particular, he does not assert that the misattribution to Porter of the quoted testimony affected our analysis or disposition of the case. It did not. However, for the sake of accuracy, we allow this petition for reconsideration and modify our decision to delete the quoted sentence.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.