Submitted May 30, 2014, reversed and remanded September 10, 2015, petition for review denied May 5, 2016 (359 Or 525)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RICHARD WAYNE BRUMBACH,
*Defendant-Appellant.*

Deschutes County Circuit Court
11FE0489; A151863

359 P3d 490

Peter Gartlan, Chief Defender, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. On the supplemental brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent. On the supplemental brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Defendant appeals a judgment of conviction for three counts of sexual abuse in the first degree, ORS 163.427.[1] In supplemental briefing submitted after the Supreme Court's recent decision in *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), defendant argues that, under *Williams*, the trial court erred when it allowed the state to present evidence of defendant's other acts—that is, evidence of his misconduct that was not the subject of the present charges—without balancing the danger of unfair prejudice posed by that evidence against its probative value.[2] The state responds that defendant's argument is unpreserved or, even if it is preserved and the court erred, then the error was harmless. We conclude that defendant's argument is preserved. Moreover, we agree that the court erred and that error was not harmless.[3] Accordingly, we reverse and remand.

We evaluate the denial of a defendant's motion to exclude evidence of other acts in light of the record made before the trial court when it issued the order, not the trial record as it may have developed at some later point. *State v. Pitt*, 352 Or 566, 575, 293 P3d 1002 (2012). However, when

[1] ORS 163.427 provides, in part:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"(A) The victim is less than 14 years of age[.]"

ORS 163.305(6), in turn, defines "sexual contact" as

"any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

[2] Defendant also argues that the court erred by imposing a sentence of life without the possibility of parole. Our disposition of this case obviates the need to address that argument.

[3] The state further argues that the purpose for which the court admitted the evidence is dispositive, at least as to evidence of defendant's past conviction for sexual abuse committed against the same victim as in the present charges. The state contends that that purpose was to "explain and buttress defendant's own admission to [a detective] that he had an arousal and self-control problems around young girls." We reject that argument without further discussion because we conclude that, regardless of the purpose for which evidence of other acts is relevant, *Williams* holds that, to comply with the due process requirement of the Fourteenth Amendment to the United States Constitution, courts must perform the requisite balancing test, upon request, before admitting that evidence under OEC 404(4). *Williams*, 357 Or at 18.

determining whether the erroneous admission of evidence was harmless, "we describe all pertinent portions of the record." *State v. Cunningham*, 179 Or App 359, 361 n 2, 40 P3d 1065 (2002), *rev'd on other grounds*, 337 Or 528, 99 P3d 271 (2004).

The relevant facts are undisputed. The state alleged that defendant compelled the victim, his granddaughter, to fondle his erect penis on three separate occasions. The state charged defendant with three counts of sexual abuse in the first degree for those acts, which he allegedly committed in 2004 and 2005 when his granddaughter was between the ages of six and eight. At the time of trial, defendant had already pleaded guilty and been convicted of attempted sexual abuse in the first degree for acts committed against the same child in 2006 (the 2006 incident). Defendant had also been convicted of three counts of sexual abuse in the third degree for acts committed against three other young girls in 1998 (the 1998 incidents).

Before the trial, the state filed a motion *in limine* seeking to admit evidence of defendant's convictions for the 2006 incident and the 1998 incidents to show defendant's intent to commit sex abuse under OEC 404(3)[4] and OEC 404(4).[5] In its motion, the state described those incidents and argued that they were sufficiently similar to the acts at issue in the charged crimes, as required under the test articulated in *State v. Johns*, 301 Or 535, 725 P2d 312 (1986) (establishing a test to show a defendant's intent based on

---

[4] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[5] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) [OEC 40.180 to 40.210] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

conceded other acts that does not require impermissible character inferences).[6] The trial court ruled that the state could mention the 2006 incident in its opening statement, but could not mention defendant's conviction or discuss the details of the 2006 incident. Other than allowing that reference, the court reserved its ruling on the remainder of the evidence.

Later in the trial, the state sought admission of the judgment of conviction relating to the 2006 incident and the testimony of a detective describing the particulars of that incident. Defendant objected, stating:

"I think that the court at this point is obligated to take [an OEC] 104 hearing and to determine whether * * * this happened, how it's related to the case, whether it is deemed relevant and whether or not the prejudicial value would substantially outweigh its marginal relevance to the case at this time."

In response, the state argued that the evidence was admissible to show intent under the *Johns* test and argued that the evidence was also relevant to show that defendant had a sexual interest in his granddaughter and to explain why she delayed in reporting the conduct alleged in the present case. Defendant contended that the 2006 incident was not relevant to show defendant's intent during the charged acts because defendant denied that the charged acts had occurred and, moreover, the 2006 act was not sufficiently similar to the charged acts under the fourth *Johns* factor. The court found that each of the *Johns* factors favored admission and that the evidence was relevant "with regard

---

[6] Under *Johns*, the admissibility of evidence of uncharged misconduct used to prove intent is determined based on the following factors:

"(1) Does the present charged act require proof of intent?

"(2) Did the prior act require intent?

"(3) Was the victim in the prior act the same victim or in the same class as the victim in the present case?

"(4) Was the type of prior act the same or similar to the acts involved in the charged crime?

"(5) Were the physical elements of the prior act and the present act similar?"

*State v. McIntyre*, 252 Or App 16, 26, 284 P3d 1284 (2012) (describing the *Johns* factors).

to whether in fact these acts occurred,"[7] before ultimately concluding that the evidence was, therefore, admissible.

After the court stated that conclusion, the following exchange occurred:

"[DEFENSE COUNSEL]: [I]s the court also ruling that the prejudicial value is not—or I guess is—outweighed by its relevance?

"THE COURT: Arguably that's the [OEC] 403[8] balancing test that you're requesting the court make, and the court is ruling that this comes in under [OEC] 404(4), which doesn't require the balancing to be occurred [sic]. Both the Court of Appeals as well as the Supreme Court have reiterated that over and over again to the trial courts, that the balancing does not occur.

"Clearly it is prejudicial. From the court's perspective it is prejudicial without a doubt. So—

"[DEFENSE COUNSEL]: The question then, Judge, is the prejudice unfair? And I understand that—I would like to lodge a continuing objection for the purposes of this witness' testimony and going forward so I'm not bouncing up and down."

The court acknowledged defendant's continuing objection.

Later in the trial, the state introduced recordings of interviews between defendant and a detective that followed defendant's arrest for the charged acts. Defendant did not initially object to that evidence. In the course of one recording, defendant referred to the 1998 incidents stating, "And I wouldn't want to see any lasting harm come to anybody—any of the girls that I touched." At that point, defense counsel objected, the jury was excused, and the parties made arguments regarding the admission of evidence of the 1998 incidents. Defense counsel stated:

---

[7] We note that the doctrine of chances theory advanced under the *Johns* test goes to show that a person acted with intent on a particular occasion, not that alleged acts occurred. *State v. Leistiko*, 352 Or 172, 185, 282 P3d 857, *adh'd to as modified on recons*, 352 Or 622, 292 P3d 522 (2012).

[8] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

"Again, I've objected to the introduction of testimony about that case as well as the convictions in this particular case. These are prior bad acts. These are prior bad acts that, again, as the court's—and I'm not going to hide that it has very high prejudicial value.

"I think that the degree—or the age of the cases, the differentiation between the cases, the manner in which [defendant] was questioned and his ongoing treatment, I think that there's a more—there's a higher likelihood that using this information that the jury would take an unfair position and find that—or I think the jury would be more likely to misuse this evidence and argue that—or find that because—or think that because [defendant] is who he is that this—these allegations necessarily must have taken place.

"So again, Your Honor, we've consistently been objecting to the introduction of all of these three—primarily these three bad acts."

The court overruled defense counsel's objection, concluding that it was appropriate to admit further evidence of the 1998 incidents, including the judgment of conviction and the age of one of the victims. The state then continued to play the recorded interviews. In the course of the remaining recorded interviews, defendant discussed his sexual attraction to children, in general, and his sexual attraction to his granddaughter, in particular.

On appeal, defendant contends that the trial court was required to subject evidence of his other acts to balancing as described in *Williams*. The state argues that defendant failed to preserve his argument before the trial court.

A brief overview of the state of the law related to OEC 403, OEC 404(3), and OEC 404(4) at the time of the trial provides useful context for the discussion of preservation in this case.

*State v. Dunn*, 160 Or App 422, 981 P2d 809 (1999), *rev den*, 332 Or 632 (2001), began a line of cases in our court interpreting OEC 404(4). In *Dunn*, the defendant was charged with first-degree robbery and kidnapping following an incident in which a man held a knife to the throat of a female convenience store clerk, ordered her

out of the store, and did not take any money from the open cash register. *Id.* at 424. The state argued for admission of evidence under OEC 404(4) to show that the defendant had a propensity to commit crimes of the sort for which he was charged, including evidence that, 15 years before the charged conduct, the defendant had entered a van in which a husband and wife were sleeping, ordered the wife out of the van at gunpoint, and had not attempted to steal anything. *Id.* at 427. Additionally, the state sought to introduce evidence that swords, a crossbow, a poster of thirteenth century weapons, and a book about serial killers were found in the defendant's home and testimony of a "crime investigative analyst" that the items found in the defendant's home combined with his past conduct showed that the defendant had a fantasy life that centered on dominance and control. *Id.* at 424-25.

Consequently in *Dunn*, we confronted the question whether the recently enacted OEC 404(4) made admissible "evidence that is relevant only to show[] that a person has a propensity to do certain things." *Id.* at 428. After analyzing the Supreme Court's decisions in *Johns* (discussing the admissibility of evidence to show intent) and *State v. Pinnell*, 311 Or 98, 806 P2d 110 (1991) (discussing the admissibility of evidence to show identity based on *modus operandi*), among other cases, we concluded that evidence that only showed a person's propensity to do certain things was not relevant and therefore not admissible under OEC 404(4). *Dunn*, 160 Or App at 430; *see also* OEC 404(4) (stating that, in criminal actions, evidence of other crimes, wrongs, or acts by the defendant is admissible if relevant). We also held that, if evidence *is* relevant, such as to show intent or identity, "OEC 404(4) makes it admissible without balancing under OEC 403 *unless the state or federal constitution requires that balancing.*" *Id.* (emphasis added). We reiterated that understanding of OEC 404(4) in subsequent cases. *See, e.g., State v. Phillips*, 217 Or App 93, 98, 174 P3d 1032 (2007); *State v. Cavaner*, 206 Or App 131, 135, 135 P3d 402 (2006); *State v. Leach*, 169 Or App 530, 537, 9 P3d 755 (2000).

In *State v. Wyant*, 217 Or App 199, 206, 175 P3d 988 (2007), we considered a related question—whether evidence of a defendant's uncharged misconduct that was

relevant to show a defendant's mental state was, nonetheless, inadmissible under OEC 404(4), because its admission would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. In that case, the state sought to admit evidence that the defendant had participated in probation on a conviction for driving under the influence of intoxicants to show that the defendant had later acted recklessly under circumstances manifesting extreme indifference to the value of human life when he drove while intoxicated because, as a result of information he received during his probation, he had a heightened awareness of risks posed by driving while intoxicated. *Id.* at 201. After determining that such evidence was relevant, we concluded that admission of that evidence would not violate the fundamental fairness required by due process and, therefore, the evidence was admissible under OEC 404(4) to show the defendant's mental state. *Id.* at 203, 206.

We return to the state's contention in this case that defendant's argument on appeal is unpreserved. The state acknowledges that, at trial, defendant asked the court to weigh the "unfair prejudice" against the "relevance of the evidence," but contends that defendant's argument is unpreserved because he failed to identify the Due Process Clause as the source of that requirement. We disagree.

To preserve an argument for appeal,

"a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted."

*State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

Here, defendant asked the court to subject evidence related to the 2006 and 1998 incidents to a balancing test to determine whether the risk of unfair prejudice posed by that evidence rendered it inadmissible. Indeed, after the court noted that evidence of the 2006 incident was prejudicial and that our case law did not require OEC 403 balancing, defendant responded, "The question then, Judge, is the prejudice unfair?"

OEC 404(4) requires that the court only admit evidence to the extent permissible under the Oregon and United States Constitutions, and the Due Process Clause is central to the analysis of that issue Therefore, in ruling that OEC 404(4) did not require balancing in this case, the trial court necessarily ruled that due process did not require the court to perform a balancing test. Moreover, after the court made that ruling, defendant prodded the court further, inquiring whether the admission of the evidence was unfairly prejudicial. That inquiry coincides with the issue on appeal—whether admission of the evidence without balancing rendered the trial fundamentally unfair. *See Wyant*, 217 Or App at 205 (citing *Michelson v. United States*, 335 US 469, 475-76, 69 S Ct 213, 93 L Ed 168 (1948), for the proposition that due process defines an area of protections essential to "fundamental fairness"). Consequently, we conclude that defendant raised the issue with enough specificity to allow the court to identify the error. We therefore reject the state's contention that defendant's argument is unpreserved.

Turning to the merits, defendant argues that, under *Williams*, upon request, the court must balance the danger of unfair prejudice posed by evidence of uncharged misconduct against the probative value of that evidence. Furthermore, he asserts that the balancing required by due process is equivalent to the balancing conducted pursuant to OEC 403. The state responds that there is a meaningful distinction between the balancing required by due process and OEC 403. In the state's view, due process balancing is more favorable to the admission of evidence than the balancing required by OEC 403. We conclude that, in light of *Williams*, the trial court erred because it did not subject the other acts evidence to OEC 403 balancing.

We review whether a trial court properly applied a balancing test prescribed by law to evidence of other acts for legal error. *State v. Shaw*, 338 Or 586, 614-15, 113 P3d 898 (2005).

As explained further below, the Supreme Court reached four conclusions in *Williams* that bear on our analysis here: The court concluded that (1) evidence offered to show a person's character and propensity to act accordingly

may be relevant under OEC 401;[9] (2) OEC 404(4) supersedes OEC 404(3); (3) OEC 404(4) is subject to OEC 403 balancing to the extent required by the Oregon and United States constitutions; and (4) at least in a prosecution for child sexual abuse, evidence of uncharged misconduct used to show propensity is admissible subject to balancing.

In *Williams*, the state sought admission of testimony that the defendant's landlord had found children's underwear in the defendant's residence in a prosecution for first-degree sexual abuse for conduct involving a child. 357 Or at 4. At trial, the state argued that the underwear evidence was relevant to show the defendant's intent—namely, that the defendant had touched the victim with a sexual purpose. *Id.* at 20. On appeal, we held that the underwear evidence was not relevant under OEC 401, because it was not "logically relevant to a contested issue." *State v. Williams*, 258 Or App 106, 113, 308 P3d 330 (2013), *rev'd*, 357 Or 1, 346 P3d 455 (2015). We concluded that the defendant's intent was not a contested issue because the defendant had argued at trial that he did not commit the alleged act, and not that, if he had done so, he had lacked a sexual purpose. *Id.* at 112-14.

On review, the Supreme Court concluded that the underwear evidence was relevant. The court first noted that evidence need not be linked to a contested issue to be relevant under OEC 401; it must simply have a tendency to increase the probability of the existence of a fact of consequence. *Williams*, 357 Or at 22. Moreover, "there is a slim but distinct difference between using the underwear evidence to establish defendant's character and propensity to act accordingly, and offering that evidence to establish defendant's sexual purpose" and the state offered the evidence to show the defendant's sexual purpose, a required element of the charged crime. *Id.* at 23. Thus, to carry its burden, the state had to show that the defendant was aroused by children. Ultimately, the court concluded that the underwear evidence "meets the minimal requirements

---

[9] OEC 401 provides:

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

of OEC 401"—that is, it is relevant because it would logically support the inferences that the defendant is an adult who is aroused by children and he acted on that interest and with that purpose on the charged occasion. *Id.* at 23.

The court also concluded, in light of the text, context, and legislative history of OEC 404(4), that OEC 404(4) supersedes OEC 404(3) in a criminal case except to the extent required by the state or federal constitutions. *Id.* at 15. Consequently, the prohibition in OEC 404(3) against the admission of "[e]vidence of other crimes, wrongs or acts * * * to prove the character of a person in order to show that the person acted in conformity therewith," gives way in criminal cases, under OEC 404(4), to the admissibility of "evidence of other crimes, wrongs or acts by the defendant * * * if relevant except as otherwise provided by [various evidentiary statutes including OEC 403] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403]."

However, the court reached a different determination with regard to the relationship between OEC 404(4) and OEC 403, concluding that OEC 404(4) did not supersede OEC 403. Rather the court concluded that OEC 404(4) is subject to OEC 403 balancing "'to the extent required by the United States [and Oregon] [c]onstitution[s].'" *Id.* at 15-16. Consequently, the court turned to examine federal due process jurisprudence to determine what limitations the United States Constitution might place on the application of OEC 404(4).[10]

The court noted that evidence that is so extremely unfair that it violates "fundamental conceptions of justice" violates the Due Process Clause. *Id.* at 18 (citing *United States v. Lovasco*, 431 US 783, 790, 97 S Ct 2044, 52 L Ed 2d 752 (1977)). Ultimately, the court concluded that, although other acts evidence runs the risk of unfair prejudice, "the violation of due process that may result from such unfair prejudice is obviated by the application of a rule of evidence that permits a court to consider the risk of prejudice and exclude the evidence when appropriate." *Id.* (citing *Dowling*

---

[10] The defendant did not raise state constitutional issues. *Williams*, 357 Or at 16 n 15.

*v. United States*, 493 US 342, 352, 110 S Ct 668, 107 L Ed 2d 708 (1990)).

Thus, the court held:

"[I]n a prosecution for child sex abuse, the admission of 'other acts' evidence to prove character and propensity under OEC 404(4) depends on whether the risk of unfair prejudice outweighs the probative value of the evidence under OEC 403. That determination must be made on a case-by-case basis."

*Williams*, 357 Or at 20 (footnote omitted). Moreover, the court stated:

"In our view, the only way that a court can ensure that the admission of 'other acts' evidence is not unfairly prejudicial and a violation of 'fundamental concepts of justice' is to conduct OEC 403 balancing. We therefore hold that that balancing is required by the Due Process Clause."

*Williams*, 357 Or 18-19.

In light of *Williams*, we conclude that OEC 403 balancing is "the only way that a court can ensure that the admission of 'other acts' evidence is not unfairly prejudicial and a violation of 'fundamental concepts of justice.'" *Williams*, 357 Or App at 18-19; *see State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) ("Error, in general, must be determined by the law existing at the time the appeal is decided, and not as of the time of trial.").

The trial court declined to subject evidence of the 2006 and 1998 incidents to OEC 403 balancing. Consequently, the court erred by admitting that evidence.[11] Defendant notes that such a conclusion stands in opposition to our prior cases, such as *Dunn, Leach, Cavaner,* and *Phillips* that hold that OEC 404(4) prohibits a court from performing OEC 403 balancing on other acts evidence. Given our understanding

---

[11] The state points to the Supreme Court's express reservation of the question whether "'due process' balancing differs from 'traditional' or 'subconstitutional' balancing." *Williams*, 357 Or 19 n 17. We take the Supreme Court's words at face value—that only OEC 403 balancing can ensure that the admission of evidence of other acts does not offend due process and, therefore, due process requires OEC 403 balancing. *See Williams*, 357 Or at 18.

of the court's holding in *Williams*, those cases are no longer sound on that point.

Furthermore, we conclude that the error was not harmless. Under *Williams*, a failure to perform the requisite balancing test is a violation of defendant's due process rights under the United States Constitution. *Williams*, 357 Or at 18. Consequently, we apply the federal harmless error test. *See State v. Cook*, 340 Or 530, 544, 135 P3d 260 (2006) ("[V]iolations of federal constitutional rights must be analyzed under the federal harmless error test." (Citing *Chapman v. California*, 386 US 18, 23, 87 S Ct 824, 17 L Ed 2d 705 (1967).). Federal harmless error analysis applies to due process violations. *See Arizona v. Fulminante*, 499 US 279, 307, 111 S Ct 1246, 113 L Ed 2d 302 (1991) (citing *Hopper v. Evans*, 456 US 605, 102 S Ct 2049, 72 L Ed 2d 367 (1982)). A federal constitutional error is harmless, such that the conviction will be upheld, "if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, 475 US 673, 681, 106 S Ct 1431, 89 L Ed 2d 674 (1986) (describing the test announced in *Chapman*).

> "Whether such an error is harmless in a particular case depends upon a host of factors * * * includ[ing] the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case."

*Van Arsdall*, 475 US at 684.

Although defendant's recorded interview contains his statement that he is sexually attracted to his granddaughter, the state does not prove that a person has committed an act of sexual abuse simply by showing that the person has a deviant sexual predisposition. *Williams*, 357 Or at 23. The state must also prove that the person acted on that predisposition. *Id.* The fact that defendant has acted on that predisposition in the past may now permissibly lead to the inference that he acted on that predisposition on a particular occasion if the other acts evidence is admissible for a

propensity purpose. Thus, the evidence of defendant's other acts goes to the heart of this case.

Moreover, as the trial court acknowledged "from the court's perspective [the evidence in question] is prejudicial without a doubt." To be sure, the court did not decide that the evidence is *unfairly* prejudicial, but in exercising its discretion, the trial court could do so. Furthermore, the court could conclude that the evidence is so unfairly prejudicial as to be inadmissible under OEC 403. *Cf. State v. Davis*, 336 Or 19, 27, 77 P3d 1111 (2003) (declining to speculate about how a trial court would have exercised its discretion under OEC 403 when applying the Oregon harmless error analysis). In light of that, we cannot say that the court's error in admitting the evidence of defendant's other acts without subjecting that evidence to balancing is harmless beyond a reasonable doubt.

In sum, when a defendant requests a balancing test "in a prosecution for child sexual abuse, the admission of 'other acts' evidence to prove character and propensity under OEC 404(4) depends on whether the risk of unfair prejudice outweighs the probative value of the evidence under OEC 403." *Williams*, 357 Or at 20 (footnote omitted). Here, defendant requested that the court apply a balancing test to determine whether the risk of unfair prejudice posed by evidence of other acts made such evidence inadmissible. Because the trial court did not conduct the requisite balancing test, it was error to admit the evidence. Accordingly, we must reverse and remand this case.

Reversed and remanded.