Argued and submitted February 27; reversed and remanded April 5; on respondent's petition for reconsideration filed May 10, and appellant's response filed on May 16, and respondent's reply filed May 23, reconsideration allowed by opinion July 12, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FRANK BROWN, JR.,
aka Frank Brown,
aka Frank Dewayne Brown, Jr.,
*Defendant-Appellant.*

Multnomah County Circuit Court
14CR05579; A159487

393 P3d 274

David Sherbo-Huggins, Deputy Public Defender, argued the cause for appellant. With him on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Shorr, Judge, and Linder, Senior Judge.

## PER CURIAM

Following a trial by jury, defendant was convicted of fourth-degree assault, felony driving while revoked, driving under the influence of intoxicants (DUII), reckless driving, and four counts of recklessly endangering another person. The charges arose after defendant allegedly drove his car while intoxicated and crashed into the car ahead of him, which, in turn, crashed into the car ahead of it.

On appeal, defendant argues that the trial court erred by admitting evidence of defendant's prior convictions—two for manslaughter and six for DUII—without first weighing the risk of unfair prejudice against the probative value of that evidence, pursuant to OEC 403.[1] The trial court declined to engage in that balancing, believing that it was foreclosed from doing so under OEC 404(4).[2] The state concedes that the trial court's failure to conduct OEC 403 balancing was error under our recent case law. *See, e.g., State v. Brumbach*, 273 Or App 552, 563-65, 359 P3d 490 (2015), *rev den*, 359 Or 525 (2016) (trial court must engage in OEC 403 balancing for other crimes evidence admissible under OEC 404(4)). The state further concedes that, because defendant preserved the issue, the remedy under our case law is a reversal and a remand for new trial. *State v. Zavala*, 276 Or App 612, 618-19, 368 P3d 831 (2016).[3] We agree with the state and accept the state's concessions on those points. Although the state argues that the evidence was harmless, we reject that argument without discussion and reverse and remand for a new trial. Because of our disposition on defendant's first assignment of error, we do not reach the other issues that he raises.

Reversed and remanded.

---

[1] Under OEC 403, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice * * *."

[2] As pertinent here, under OEC 404(4), "[i]n criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by" either the state or federal constitution.

[3] Both issues—whether OEC 403 balancing is required for other crimes evidence admitted under OEC 404, and, if so, the appropriate remedy—are currently before the Oregon Supreme Court in *State v. Mazziotti*, 276 Or App 773, 369 P3d 1200, *rev allowed*, 359 Or 847 (2016), and *State v. Baughman*, 276 Or App 754, 369 P3d 423, *rev allowed*, 359 Or 847 (2016). The state, in conceding the error and the disposition under our recent cases, preserves its position that this court wrongly decided those cases.