## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## FRANK BROWN, JR.,
aka Frank Brown,
aka Frank Dewayne Brown, Jr.,
*Defendant-Appellant.*

Multnomah County Circuit Court
14CR05579; A159487

401 P3d 301

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, for petition and reply.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, for response.

Before Tookey, Presiding Judge, and Shorr, Judge, and Linder, Senior Judge.

**LINDER, S. J.**

The state petitions for reconsideration in *State v. Brown*, 284 Or App 671, 393 P3d 274 (2017). In *Brown*, we held that the trial court erred by admitting other acts evidence without first weighing the risk of unfair prejudice against the probative value of that evidence, pursuant to OEC 403. *Id.* at 672. We reversed and remanded, explaining in our opinion that defendant was entitled to a new trial, consistent with the remedy dictated by our recent case law. *Id.* In doing so, we noted that the Oregon Supreme Court then had under advisement the question whether the appropriate remedy for an error of this kind is a reversal for a new trial or a limited remand to conduct the required balancing. *Id.* at 672 n 3. We also noted that the state, although conceding that a reversal and remand for a new trial was required by our case law, had preserved its position that the proper remedy was a limited remand. *Id.*

After we issued our decision in *Brown*, the Supreme Court issued its decision in *State v. Baughman*, 361 Or 386, 393 P3d 1132 (2017). In *Baughman*, the Supreme Court held that, when a trial court fails to follow the analysis required for determining the admissibility of evidence under OEC 403, the proper remedy is a limited remand for the trial court to correct its error. *Id.* at 411. On remand, the trial court then determines whether a new trial is necessary in light of its corrected ruling. *Id.* Relying on *Baughman*, the state asks us to modify our decision to order a limited remand.

In response, defendant first argues that we should adhere to our original disposition—reversal and remand for a new trial—because the prejudice of the challenged other acts evidence outweighs its probative value as a matter of law. Consequently, according to defendant, a limited remand for the trial court to engage in OEC 403 balancing is unnecessary. We agree with the state, however, that defendant has not preserved that argument. In his appellate brief, his sole argument was that "the trial court must be given the initial opportunity to exercise discretion under OEC 403" to determine whether the other acts evidence was or was not admissible. Defendant is now asking us, however,

to determine that the challenged other acts evidence is inadmissible as a matter of law, which is a different issue, and one that we decline to consider at this procedural juncture.

Defendant next argues that, if we decide to reconsider our decision as the state requests, we should resolve his second and third assignments of error, reasoning that, if he is correct on those assignments, the correct disposition would remain to reverse and remand for retrial. Defendant's second and third assignments of error raise challenges to the testimony of an eyewitness who identified defendant in court as the person who, immediately after the car crash, was seated behind the wheel of defendant's car. Defendant first argues that the trial court did not afford him a sufficiently full hearing to permit him to challenge the testimony on the grounds articulated in *State v. Lawson/James*, 352 Or 724, 291 P3d 673 (2012), and later amplified in *State v. Hickman*, 355 Or 715, 330 P3d 551 (2014), *modified on recons*, 356 Or 687, 343 P3d 634, *cert den*, ___ US ___, 136 S Ct 230, *reh'g den*, ___ US ___, 136 S Ct 706 (2015). Defendant also argues that the trial court abused its discretion by constraining the scope of defendant's cross-examination of the witness during trial. We find no legal error in the trial court's rulings, and we reject defendant's arguments without further discussion.

For the above reasons, we agree with the state that, under *Baughman*, the appropriate remedy for the trial court's failure to balance under OEC 403 is a limited remand, rather than a new trial. We decline to consider defendant's unpreserved argument that the challenged evidence is more prejudicial than probative, as a matter of law. Finally, we reject defendant's second and third assignments of error on the merits.

Petition for reconsideration allowed; former opinion modified and adhered to as modified; former disposition withdrawn; reversed and remanded for further proceedings consistent with this opinion.