778 September 5, 2024 No. 636

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HENRY ANTONIO,
*Defendant-Appellant.*

Klamath County Circuit Court
18CR56696; A177964

Alycia E. Kersey, Judge.

Submitted January 9, 2024.

Gregg Aaron Myers and The Appellate Law Firm filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed and remanded.

**HELLMAN, J.**

In this criminal appeal, defendant seeks reversal of convictions for four counts of first-degree unlawful sexual penetration, ORS 163.411, and four counts of first-degree sexual abuse, ORS 163.427. In a single assignment of error, defendant asserts that the trial court erred when it denied his motion to exclude three sections of a recorded forensic interview of his 11-year-old daughter because the trial court failed to conduct OEC 403 balancing. Those sections of the interview referred to defendant's verbal and physical abuse of his daughter and her family members. The state contends that defendant did not preserve his argument that the trial court had to provide additional explanation in addressing his OEC 403 arguments. In addition, the state argues that, in context, the trial court's ruling demonstrates that it did engage in OEC 403 balancing. We reverse and remand.

*Preservation.* To preserve a claim for appellate review, a party must "provide the trial court with an explanation of [their] objection that is specific enough to ensure that the court [could] identify its alleged error with enough clarity to permit it to consider and correct the error immediately." *State v. Vanornum*, 354 Or 614, 632, 317 P3d 889 (2013) (internal quotation marks omitted); *see also State v. Skotland*, 372 Or 319, 329, 549 P3d 534 (2024) (explaining that "the winds of preservation can be gauged by looking to the weathervane of trial court surprise: Would the trial court be taken aback to find itself reversed *on this issue, for this reason*?" (emphasis in original)). Under that standard, defendant preserved his claim. Defendant's pretrial motion cited OEC 403 as a ground for excluding the first and third challenged sections. Defendant's motion was noted on the record. In addition, during the motion hearing, defendant made an OEC 403 argument with regard to the second and third challenged sections, describing them as "highly prejudicial," asserting that they could cause "a confusion of the issues," and asserting that the third section was cumulative of the second section. Finally, the state explicitly requested that the court engage in OEC 403 balancing for the three sections. The trial court considered the state's request and declined to engage in OEC 403 balancing. The trial court

determined that the statements were admissible as relevant to the issue of delayed reporting. We conclude that defendant's OEC 403 challenges to the three sections of the interview were sufficiently presented to the court so that the court had the opportunity to "consider and correct the error." *Vanornum*, 354 Or at 632.

*Merits.* We review for legal error whether a trial court properly applied the OEC 403 balancing test. *State v. Brumbach*, 273 Or App 552, 560, 359 P3d 490 (2015), *rev den*, 359 Or 525 (2016). OEC 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence." To determine whether evidence is admissible under OEC 403, a trial court should engage in a four-step inquiry:

> "'First, the trial judge should assess the proponent's need for the *** evidence. In other words, the judge should analyze the quantum of probative value of the evidence and consider the weight or strength of the evidence. In the second step the trial judge must determine how prejudicial the evidence is, to what extent the evidence may distract the jury from the central question whether the defendant committed the charged crime. The third step is the judicial process of balancing the prosecution's need for the evidence against the countervailing prejudicial danger of unfair prejudice, and the fourth step is for the judge to make his or her ruling to admit all the proponent's evidence, to exclude all the proponent's evidence or to admit only part of the evidence.'"

*State v. Alvarado*, 312 Or App 177, 187, 492 P3d 712 (2021) (quoting *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987)).

Although the *Mayfield* factors are not "a checklist that trial courts must mechanically tick off on the record or risk reversal," *State v. Anderson*, 363 Or 392, 404, 423 P3d 43 (2018), it is reversible error not to "engage in a weighing process at all." *Id.* at 405 (internal quotation marks omitted). Here, the trial court admitted the statements because they were relevant to the issue of delayed reporting. However, the

trial court did not engage in OEC 403 balancing because it determined that the OEC 403 balancing requirement only applied to challenges to prior bad acts evidence. But a trial court's responsibility to engage in OEC 403 balancing is not limited to prior bad acts evidence. *See* OEC 403. The record therefore reflects that the trial court was operating under an incorrect understanding of the law, and that the trial court committed legal error by not engaging in the required OEC 403 balancing.

*Harmless error/remedy.* Having determined that the trial court committed legal error, we next evaluate whether that error was harmless. An error is harmless when there is "little likelihood" that it affected the verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). Based on the record here, a trial court that engaged in OEC 403 balancing could decide either to exclude or admit the evidence. As we recognized in *State v. Cave*, 321 Or App 81, 90, 516 P3d 279 (2022), "[w]here either admitting or excluding the challenged evidence under OEC 403 falls within the range of permissible outcomes, we cannot say that the trial court's error was harmless." Thus, we remand to the trial court to conduct the OEC 403 balancing in the first instance, and to thereafter determine whether to reenter the judgment or whether a new trial is necessary and appropriate. *See State v. Brown*, 286 Or App 714, 717, 401 P3d 301 (2017), *rev den*, 362 Or 389 (2018) ("[U]nder [*State v. Baughman*, 361 Or 386, 411, 393 P3d 1132 (2017), *abrogated in part on other grounds by State v. Jackson*, 368 Or 705, 498 P3d 788 (2021)], the appropriate remedy for the trial court's failure to balance under OEC 403 is a limited remand, rather than a new trial.").

Reversed and remanded.